UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES GREGORY PASEK,<br><br>        Petitioner,<br><br>vs.<br><br>WARDEN DARIN YOUNG; and MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>        Respondents. | 5:18-CV-05020-JLV<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>DOCKET NO. 5 |

      Petitioner, James Gregory Pasek, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Pasek's petition was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief District Judge. Mr. Pasek has filed a motion asking the court to appoint counsel to represent him at the court's expense. See Docket No. 5.

      "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2)  Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> **
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly

2

resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

Here, it is not yet known whether an evidentiary hearing will warranted in this case. Thus far, Mr. Pasek has competently described his claims. Accordingly, it is hereby

ORDERED that Mr. Pasek's motion for the appointment of counsel [Docket No. 5] is denied. Counsel will be appointed by the court if an evidentiary hearing is held in this matter. Alternately, Mr. Pasek may resubmit a request for appointed counsel at a later date should the court determine his petition is timely and the need for assistance of counsel is otherwise demonstrated.

DATED this 18th day of April, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge